■ ROBERT D. CROWSON, Respondent, v. HUNTINGTON TOWN HOUSE, INC., Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Nassau County, entered May 17, 1971, in favor of plaintiff upon successive jury verdicts after separate trials on the issues of liability and damages. Judgment affirmed, with costs. No opinion. Rabin, P. J., Hopkins, Martuscello and Latham, JJ., concur; Munder, J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: The injuries, for which the jury awarded plaintiff a verdict of $12,500, were sustained when plaintiff caught his foot between a chair leg and the dais-platform in one of the dining rooms on defendant's premises. Plaintiff was returning to his seat from the dance floor. He and his wife were attending a dinner-dance reunion held by his wife's high school class. The dinner-dance began with a cocktail hour at about 8:00 P.M. and the accident occurred shortly after 1:00 A.M. the following morning. The specific condition complained of was that defendant's employees had so arranged the seating as to leave too narrow an aisle — "between six and eight inches" — between the chairs at plaintiff's table and the dais-platform. To use such a condition as a basis for finding defendant negligent is, it seems to me, to place a new and unusual burden upon a restaurant owner. The condition was *not* a static one, such as the step separating two levels in *Stengel* v. *Louis' Cafeteria* (6 N Y 2d 907) or worn-out linoleum (*Rosin* v. *Riggs Rest.,* 287 N. Y. 617) or some defective fixture or piece of furniture (see *Birner* v. *Bickford's,* 280 App. Div. 911). The chair was movable and easily moved by its occupant. Plaintiff himself testified he had left his seat prior to the accident "half a dozen times or more." He knew of the condition. Presumably, on each occasion, he had to ask the occupant to move, or moved the chair himself,

or stepped by carefully in the six to eight inches in the aisle. The point is that this condition required the exercise of only a minimum of care by plaintiff. He had exercised that care previously and, in the absence of any attempt by him to show that he momentarily forgot about the condition, no recovery should be allowed (see *Washington* v. *Longview Terrace Apts.*, 37 A D 2d 809).